## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 28 2015, 9:38 am

_Kevin S. Smith_

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

William A. Gray
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Shelby Makowsky,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

January 28, 2015

Court of Appeals Cause No.
22A04-1406-CR-295

Appeal from the Floyd Circuit Court
The Honorable J. Terrence Cody, Judge
Cause No. 22C01-1402-FA-286

**Crone, Judge.**

## Case Summary

[1] Shelby Makowsky appeals the twenty-year sentence imposed by the trial court following her guilty plea to class B felony conspiracy to commit arson. She claims that her sentence is inappropriate in light of the nature of her offense and

her character. Finding that Makowsky has not met her burden to demonstrate that her sentence is inappropriate, we affirm.

## Facts and Procedural History

[2] On January 4, 2014, eighteen-year-old Makowsky and two of her friends were driving around shooting flares from a flare gun at the houses of people they were mad at or had a "beef" with. Tr. at 67. Makowsky and her friends were angry with an individual named Jonathon Stewart because they had tried to sell stolen electronics to Stewart and Stewart took the items but did not pay for them. As the friends drove by Stewart's house, one of them shot a flare at the house. Stewart's house caught fire. Stewart was not home at the time. Four young children and their mother were at the house using Stewart's laundry machines. Three of the children, ages two, four, and six, died in the fire. The other child, age five, suffered extensive burns to thirty-five percent of her body.

[3] The State charged Makowsky with class A felony conspiracy to commit arson. On April 22, 2014, Makowsky pled guilty to class B felony conspiracy to commit arson. The plea agreement left sentencing to the trial court's discretion. Following a hearing, the trial court imposed an executed sentence of twenty years. This appeal ensued.

## Discussion and Decision

[4] Makowsky invites this Court to reduce her twenty-year sentence pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we

find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). We recognize that the "principal role of appellate review should be to attempt to leaven the outliers and to identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Id.* at 1225. Indeed, "[t]he question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate: rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008).

[5] The sentencing range for a class B felony is between six and twenty years with the advisory sentence being ten years. Ind. Code § 35-50-2-5. The trial court imposed the maximum twenty-year executed sentence for Makowsky's offense, and she believes that this sentence is inappropriate. We disagree.

[6] As for the nature of her offense, Makowsky admitted to conspiring with at least two other individuals to shoot a flare gun at Stewart's house in order to get revenge against him because she was angry at him for stealing stolen electronics from her and her friends. Her crime ultimately resulted in the death of three

innocent young children and serious and life-altering injuries to a fourth child.[1] The "damage done to others" as a result of this crime supports imposition of the maximum twenty-year sentence. *See Cardwell*, 895 N.E.2d at 1224. The nature of this offense does not warrant a sentence reduction.

[7] As for her character, Makowsky fares no better. When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). Although Makowsky committed the current offense shortly after she turned eighteen and therefore this was her first felony as an adult, she has two prior misdemeanor convictions as an adult and her juvenile criminal history is extensive, including several crimes of physical violence. This history demonstrates Makowsky's clear and utter disdain for authority. Nevertheless, Makowsky urges us to revise her sentence to provide for a partially suspended sentence rather than the fully executed sentence imposed by the trial court. However, we consider significant that Makowsky committed the current offense while on probation. Her refusal to modify her behavior despite being given the opportunity with a

---

[1] We note that, although she pled guilty to the lesser class B felony conspiracy to commit arson, Makowsky's actions would have clearly supported a conviction for class A felony conspiracy to commit arson. *See* Ind. Code § 35-42-5-2 (effective until July 1, 2014) (conspiracy to commit a felony is a felony of the same class as the underlying offense); Ind. Code § 35-43-1-1 (effective until July 1, 2014) (arson is a class A felony if it results in either bodily injury or serious bodily injury to any person other than a defendant).

prior grant of leniency neither reflects positively on her character nor convinces us that her fully-executed sentence is too harsh. In sum, Makowsky has not met her burden to demonstrate that her twenty-year sentence is inappropriate in light of the nature of her offense or her character, and we decline her invitation for sentence reduction.

[8] Affirmed.

Friedlander, J., and Kirsch, J., concur.